

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2007

# Bangash v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5578

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bangash v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1564.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1564

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5578
_____

WAQAR ALI BANGASH,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A79-734-990)
_____

Submitted under Third Circuit LAR 34.1(a)
December 11 , 2006

Before: SMITH and ROTH, <u>Circuit Judges</u>
*IRENAS, <u>District Judge</u>

(Opinion filed February 27, 2007)

_____

**OPINION**

_____

_____

  *Honorable Joseph E. Irenas, United States Court Judge for the District of New Jersey, sitting by designation

**ROTH**, <u>Circuit Judge</u>:

Waqar Ali Bangash petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen and reconsider its prior decision, which affirmed the Immigration Judge's (IJ) denial of his motion for a continuance. We will deny the petition.

Bangash, a native and citizen of Pakistan, was admitted to the United States on or about August 16, 1998, as a nonimmigrant student and was authorized to remain in the country while he attended school. In March 2003, the Immigration and Naturalization Service instigated removal proceedings against him, finding that he failed to maintain or comply with the conditions of his nonimmigrant status. Bangash appeared before the IJ on July 15, 2003, conceding removability and requesting a continuance pending the resolution of a labor certification application filed on his behalf with the New York Department of Labor in April 2001. The IJ granted Bangash's request for a continuance on no less than three separate occasions while his labor certification application remained pending. On November 16, 2004, with his application still pending, the IJ refused to grant Bangash an additional continuance. Instead, she scheduled a hearing for December 21, 2004, for the sole purpose of determining whether Bangash was eligible for voluntary departure. At the hearing held on December 21, 2004, Bangash moved for another continuance. The IJ denied the motion but granted his application for voluntary departure in lieu of removal.

On January 18, 2005, Bangash appealed the IJ's denial of his request for a

2

continuance to the BIA and sought an administrative closure of his removal proceedings pending the resolution of his labor certification application. In support of his appeal, Bangash argued that by refusing to continue his proceeding, the IJ denied him a fair trial. On September 23, 2005, the BIA affirmed the IJ's decision, finding that the IJ did not abuse her discretion or deny Bangash a fair trial by denying his request for a continuance. Furthermore, the IJ noted that administrative closure of a proceeding is only granted if both parties acquiesce and, in this instance, there was no such acquiescence by the government.

Bangash failed to appeal the BIA's decision to this Court. Instead, on October 26, 2005, Bangash filed with the BIA a motion to reopen and reconsider its order of September 23, 2005, affirming the IJ's decision. In support of his motion, Bangash again claimed that he was denied a fair trial in light of his pending labor certification application. Additionally, he argued that his removal would cause him extreme hardship as a result of the earthquake that occurred on October 8, 2005, which he claimed affected his community in Pakistan. The BIA denied the motion, refusing both to reopen the proceedings and to reconsider its prior decision of September 23, 2005. Specifically, the BIA found no factual or legal error in its previous decision that would require reconsideration. See 8 C.F.R. § 1003.2(b)(1). With respect to reopening the proceedings, the BIA noted that Bangash's motion failed to set forth any new or previously unavailable material evidence as required under 8 C.F.R. § 1003.2(c)(1). Failing to meet the requirements of a proper motion to reopen or reconsider, Bangash's motion was denied.

A timely petition for review followed, in which Bangash seeks relief from the BIA's

3

affirmance of the IJ's denial of his motion for a continuance as well as the BIA's denial of his motion to reopen and reconsider its decision of September 23, 2005.

We have jurisdiction to review final orders of the BIA under § 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252. We do not, however, have jurisdiction to consider claims that were not properly brought before this Court. As noted above, Bangash never filed a petition for review of the BIA's September 23, 2005 order affirming the IJ's denial of his motion for a continuance. Accordingly, we do not have jurisdiction to consider this claim in the instant petition. See Stone v. INS, 514 U.S. 386, 395 (1995) ("The filing of the reconsideration motion does not toll the time to petition for review.").

We may, however, review the BIA's denial of Bangash's motion to reopen and reconsider. In that regard, denials of motions to reopen or reconsider are within the discretion of the BIA. See 8 C.F.R. § 1003.2(a). Pursuant to section 1003.2(a), the BIA has discretion to deny such motions even if the movant has established a prima facie case for relief. Thus, we review the BIA's denial of Bangash's motion to reopen and reconsider for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, the BIA's decision will be upheld unless it was "arbitrary, irrational, or contrary to law." Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

Pursuant to 8 C.F.R. § 1003.2(c)(1), a motion to reopen must present "new facts that will be proven at a hearing to be held if the motion is granted." On appeal, Bangash argues that the BIA abused its discretion by failing to qualify the October 2005 earthquake as production of new evidence from which to reopen his proceedings. Bangash maintains that

4

the BIA should have taken administrative notice of the earthquake in its determination of whether he should receive a continuance in light of his pending labor certification application. Indeed, the BIA has authority to take administrative notice of commonly known facts, such as current events. <u>See</u> 8 C.F.R. 1003.1(d)(3)(iv). In this instance, however, taking administrative notice of the October 2005 earthquake would nevertheless provide no basis for reopening his proceedings. Bangash's motion, while stating that the earthquake affected his community in Pakistan, contains no other evidence to support this contention. Thus, his motion fails to establish proper grounds for reopening his proceedings.

Because Bangash failed to set forth new facts that would warrant reopening his proceedings, the BIA did not abuse its discretion in denying his motion. Therefore, we will deny the petition for review.