**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2318

_____

WAQAR ALI BANGASH,
Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA

_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(A079-734-990)
Immigration Judge: Rosalind Malloy

_____

Submitted under Third Circuit L.A.R. 34.1(a)
May 28, 2021

_____

Before: GREENAWAY, JR., SHWARTZ, <u>Circuit Judges</u>, and ROBRENO, <u>District
Judge</u>.*

(Filed: June 17, 2021)

_____

OPINION**

_____

_____

    * The Honorable Eduardo C. Robreno, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.
    ** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

ROBRENO, <u>District Judge</u>.

Petitioner Waqar Bangash ("Bangash") seeks review of a final order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. Bangash sought to reopen his application for withholding of removal, asylum, and relief under the Convention Against Torture based on changed country circumstances. He alleges that conditions for Pashtun Shia Muslims in Pakistan have changed significantly for the worse since his immigration hearing in 2004 before an Immigration Judge ("IJ") and he has a well-founded fear of future persecution based on being a Pashtun Shia Muslim. The BIA denied his petition after finding insufficient evidence of changed country conditions affecting this particular group.

Because substantial evidence supports the BIA's decision, and it thus did not abuse its discretion, we will deny the petition for review.

## I.    Background

Bangash is a citizen of Pakistan who entered the United States on August 16, 1998 under a student visa. Bangash overstayed his visa, and, on March 22, 2003, an immigration court charged him as removable. Bangash conceded that he was removable but requested a continuance pending the resolution of a labor certification application filed in April 2001. On December 21, 2004, and after granting three prior continuances, the IJ denied Bangash's request for a further continuance related to his pending labor certification and granted Bangash's request for voluntary departure.

Bangash appealed, arguing that the IJ should have continued the proceedings again due to the pending labor certification. On September 23, 2005, the BIA

2

dismissed Bangash's appeal, concluding that the IJ did not abuse her discretion in denying the requested continuance.

On October 26, 2005, Bangash filed a motion to reopen and reconsider on the basis that the labor certification was still pending. In a December 1, 2005 order, the BIA denied the motion to reconsider, concluding that Bangash had not identified any reversible error; and denied the motion to reopen, concluding that it was not accompanied by new evidence. Bangash filed a petition for review with this Court, which was denied on February 27, 2007. *Bangash v. Att'y Gen.*, 226 F. App'x 124 (3d Cir. 2007).

On February 15, 2008, Bangash filed another motion to reopen arguing that country conditions in Pakistan had worsened for Pashtun Shia Muslims. The BIA denied the motion on April 2, 2008. The BIA concluded that the evidence submitted failed to demonstrate the required change in country conditions. The BIA also concluded that Bangash failed to establish prima facie eligibility for withholding of removal.

On January 3, 2020, Bangash filed the current motion to reopen. In support, he argued that "conditions for Pashtun Shia Muslims have plummeted drastically since his last hearing." A.R. 37. Alternatively, he argued that the BIA should reopen sua sponte.

On May 26, 2020, the BIA denied the motion to reopen because Bangash's evidence of changed country conditions concerned Shia Muslims generally, and not Pashtun Shia Muslims specifically. The BIA further held that Bangash admitted that this harm has existed over the years and its continuation was not a change in country conditions. The BIA additionally found that Bangash failed to demonstrate prima facie eligibility for asylum and related protections. The BIA noted that Bangash failed to

3

demonstrate a pattern or practice of persecution of Pashtun Shia Muslims or to submit evidence that he would be singled out for persecution or torture. Finally, the BIA declined to reopen sua sponte. The instant petition for review followed.

## II. Discussion

We have jurisdiction to review final orders of the BIA under § 242(a) of the Immigration and Nationality Act, 8 U.S.C. § 1252. The BIA's discretionary decisions, such as the denial of a motion to reopen, are reviewed for an abuse of discretion. *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005). An abuse of discretion occurs where the BIA acts arbitrarily, irrationally, or contrary to law. *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994). We review questions of law regarding the BIA's legal conclusions de novo and its factual determinations for "'substantial evidence'. . . which requires us to treat findings of fact as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Borges*, 402 F.3d at 404 (quoting 8 U.S.C. § 1252(b)(4)(B)).

Because Bangash's petition is untimely, it may only be considered if he presents evidence of changed country conditions. *Pllumi v. Att'y Gen.*, 642 F.3d 155, 161 (3d Cir. 2011) ("[T]he time limit for a motion to reopen does not apply if the motion . . . is based upon changed country conditions proved by evidence that is material and was not available . . . at the previous proceeding." (citing 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c))). Evidence that the complained of conditions have persisted is not evidence of "meaningfully changed country conditions." *Id.*

After reviewing the record, we conclude that the BIA did not abuse its discretion in finding that Bangash failed to establish that the persecution alleged amounted to a

4

meaningful change in country conditions rather than the continuation or incremental change of conditions that existed before his 2004 hearing in front of the IJ. *See Filja v. Gonzales*, 447 F.3d 241, 254 (3d Cir. 2006) (providing that the relevant "previous proceeding" is the hearing before the IJ). While possibly not the only reasonable conclusion, the BIA's conclusion is supported by substantial evidence and other reasonable adjudicators could come to the same conclusion. *Borges*, 402 F.3d at 404. As a result, the BIA did not abuse its discretion in denying Bangash's untimely motion to reopen.

As stated by the BIA, Bangash admitted that "Pashtun Shia Muslims have faced immense persecution over the years . . . ." A.R. 3. Additionally, Bangash provided in his declaration that Pashtun Shias "have always faced problems." A.R. 68. We agree with the BIA that the evidence provided by Bangash may show continued violence against Shia Muslims but does not show changed conditions for Pashtun Shia Muslims in Pakistan since 2004, despite Bangash's assertions to the contrary.[1]

When the BIA declines to reopen a case sua sponte, we may exercise jurisdiction to review that decision only if: (1) the BIA relied on an incorrect legal premise, or (2) a BIA rule or settled course of adjudication establishes a general policy limiting the BIA's discretion. *See Park v. Att'y Gen.*, 846 F.3d 645, 651–53 (3d Cir. 2017). Because neither

---

[1] Additionally, because Bangash has failed to meet the standard for the BIA to entertain his untimely motion to reopen, it is unnecessary for us to consider his other arguments that the BIA erred by: (1) assessing Bangash's petition only on the basis of a combination of his ethnicity and religion (Pashtun and Shia Muslim) and not each factor individually; and (2) applying an incorrect standard in assessing whether he established a prima facie case for reopening.

of these two exceptions to our rule against review applies, we lack jurisdiction to review the BIA's decision not to reopen sua sponte. *See id.*

### III. Conclusion

For the foregoing reasons, we will deny the petition for review.